**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**DEMETRIUS WOODS**                                                      **PLAINTIFF**
**ADC #108514**

**VS.**                              **CASE NO.: 5:09CV00203 JLH/BD**

**LARRY NORRIS, et al.**                                              **DEFENDANTS**

**RECOMMENDED DISPOSITION**

**I.**      **Procedure for Filing Objections:**

The following recommended disposition has been sent to United States District

Court Chief Judge J. Leon Holmes.  Any party may file written objections to this

recommendation.  Objections should be specific and should include the factual or legal

basis for the objection.  If an objection is to a factual finding, specifically identify that

finding and the evidence that supports your objection.  An original and one copy of your

objections must be received in the office of the United States District Court Clerk no later

than fourteen (14) days from the date of the recommendation.  A copy will be furnished to

the opposing party.  Failure to file timely objections may result in waiver of the right to

appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A-149
Little Rock, AR 72201-3325

II.   **Introduction**:

Plaintiff Demetrius Woods, an Arkansas Department of Correction ("ADC") inmate, filed a *pro se* complaint (docket entry #2) under 42 U.S.C. §1983, and is proceeding *in forma pauperis*.  Because of the confusing manner in which Mr. Woods's claims were presented in his original complaint, he was ordered to file an amended complaint clarifying his claims.

In his amended complaint, Mr. Woods stated a retaliation claim against Defendants Stanley, Barnett, Mowles, and Hughes; and a deliberate indifference claim against Defendants Blackmon, Griffin, and Weast.  In addition, he stated a claim against Defendants Lay, Straughn, and Kelley by alleging that these individuals were aware of the unconstitutional conduct of both ADC and Correctional Medical Services employees, but failed to act or remedy the situation.

The Court later dismissed Mr. Woods's claims against Defendants Griffin, Weast, Mowles, Hughes, Kelley, and Blackmon, as well as his deliberate-indifference claim against Defendants Straughn and Lay.  (#66 and #78)  Mr. Woods's only remaining claim is that Defendants Barnett, Stanley, Straughn, and Lay ("Separate Defendants") retaliated against him for exercising his first amendment rights.

The Separate Defendants have filed a motion for summary judgment, arguing that Mr. Woods's retaliation claim fails as a matter of law.  (#82)  Mr. Woods has responded to the motion.  (#87 and #88)  Based on the evidence presented by the parties, the motion

for summary judgment (#82) should be granted, and Mr. Woods's retaliation claim should be dismissed with prejudice.

**III.   <u>Discussion</u>:**

    A.    Summary Judgment Standard

    Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact. FED.R.CIV.P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 246, 106 S.Ct. 2505 (1986).  Once the moving party has successfully carried its burden under Rule 56(c), the nonmoving party must go beyond the pleadings and, by depositions, affidavits, or otherwise, designate "specific facts showing that there is a genuine issue for trial."  FED. R. CIV. P . 56(e); *Mosley v. City of Northwoods*, 415 F.3d 908, 910-11 (8th Cir. 2005) (internal citation omitted) ("The nonmoving party may not rest on mere allegations or denials, but must demonstrate on the record the existence of specific facts which create a genuine issue for trial.")  If the opposing party fails to carry that burden or fails to establish the existence of an essential element of its case on which that party will bear the burden of proof at trial, summary judgment should be granted.  See *Celotex*, 477 U.S. at 322.

B.     Retaliation Claim

To establish a prima facie case for retaliation, Mr. Woods must show that: (1) he exercised a constitutionally protected right; (2) prison officials disciplined him; and (3) his exercise of a protected right was the motivation for the discipline. *Meuir v. Greene County Jail Employees*, 487 F.3d 1115, 1119 (8th Cir. 2007).  Mr. Woods bears a heavy evidentiary burden to establish a prima facie case.  *Id*. (citing *Murphy v. Mo. Dept. of Corr.*, 769 F.2d 502, 503 n. 1 (8th Cir. 1985)).  He must come forward with more than a bare allegation that an act was retaliatory.  *Id*. (citing *Benson v. Cady*, 761 F.2d 335, 342 (7th Cir. 1985)).

In addition, a retaliation claim fails if the inmate was punished for an actual rule violation, so long as defendants show "some evidence" that the inmate committed the alleged violation.  *Earnest v. Courtney*, 64 F.3d 365, 367 (8th Cir. 1995).  "[A] report from a correctional officer, even if disputed by the inmate and supported by no other evidence, legally suffices as 'some evidence' upon which to base a prison disciplinary violation, if the violation is found by an impartial decision maker."  *Hartsfield v. Nichols*, 511 F.3d 826, 831 (8th Cir. 2008).

Here, Mr. Woods claims that he received two disciplinaries in retaliation for filing grievances against ADC officials.  He alleges that in January 2008, Defendant Stanley charged him with a disciplinary for failing to appear at work.  (#84-1 at p.11)  Mr. Woods claims that the documents supporting this disciplinary are false and that Defendant

Stanley never spoke to Mr. Woods about coming to work on the date for which he received the disciplinary.  (#84-1 at p.21)  In addition, Mr. Woods states that he was on "lay in" (excused from work) on the date in question because his sister had passed away.  (#84-1 at p.21)  After he was issued the disciplinary, Mr. Woods, filed a grievance about the incident.  (#84-1 at p.21)

Mr. Woods also spoke to Chaplain Banks about the disciplinary.  (#84-1 at p.22) Chaplain Banks allegedly told Mr. Woods that he would "get the disciplinary taken care of."  (#84-1 at p.22)  Mr. Woods, however, continued to pursue his grievance against Defendant Stanley.  (#84-1 at pp.22-23)

Several weeks later, after Mr. Woods had returned to work at the garment factory, Defendant Stanley searched Mr. Woods.  (#84-1 at p.25)  Although Mr. Woods was wearing three pairs of boxer shorts in violation of ADC policy, Defendant Stanley did not charge him with a disciplinary on that date.  (#84-1 at p.25)  The next day, however, Defendant Stanley again searched Mr. Woods.  (#84-1 at p.26)  When Defendant Stanley again found Mr. Woods wearing three pairs of boxer shorts, Defendant Stanley charged him with a rule violation. (#84-1 at pp.27-28)  Mr. Woods claims that he was charged with this rule violation because he continued to pursue his previous grievance against Defendant Stanley.

Mr. Woods also claims that he was retaliated against by Defendant Barnett.[1]  Mr. Woods wrote multiple grievance regarding Defendant Barnett's unprofessional behavior. (#84-1 at p.32)  Mr. Woods alleges that, as a result of these complaints, Defendant Barnett instructed Sargent Mowles (who is no longer a party to this lawsuit) to write Mr. Woods a disciplinary for interfering with an inmate count.  (#84-1 at p.33)

Mr. Woods also alleges that Defendants Lay and Straughn retaliated against him. In his deposition, Mr. Woods explained that the basis of his relation claim against Defendant Lay was his belief that Defendant Lay was "in cahoots" with Sargent Mowles. (#84-1 at p.42)  In addition, Mr. Woods specifically stated that Defendant Sraughn did not retaliate against him and requested that Defendant Straughn be dismissed as a party Defendant.  (#84-1 at p.44)

The Defendants have presented the disciplinaries at issue as well as the disciplinary hearing papers.  In the disciplinary issued on February 27, 2008, Defendant Stanley charged Mr. Woods for alleging possessing an unauthorized amount of clothing. (#84-1 at p. 54)  In the disciplinary issued on June 26, 2008, Sargent Mowles charged Mr. Woods with interfering with an inmate count.  (#84-1 at p.65)

It is undisputed that Mr. Woods received a hearing for both of these disciplinaries. In the first hearing, a witness to the incident at the garment factory testified.  (#84-1 at

---

[1]  The Court notes that Defendant Barnett is referred to as Mr. "Burnett" in the deposition transcript.

p.59)  In the second, the hearing officer relied upon Sargent Mowles and Defendant Stanley's written report in convicting Mr. Woods.  (#84-2 at p.3)  Mr. Woods appealed both disciplinary convictions.  (#84-1 at pp.62 & 66)  The convictions were upheld on appeal.  (#84-1 at pp.36 & 64)

Mr. Woods has failed to present any evidence that he did not commit the rule violations that resulted in the disciplinaries at issue.  Rather, based on his deposition testimony, Mr. Woods apparently admits committing both rule violations.  He admits that he was wearing three pairs of boxer shorts when Defendant Stanley searched him and that he was absent from inmate count because he was suffering from stomach cramps when Sargent Mowles charged him with interfering with an inmate count.  (#84-1 at pp. 27 & 33)

In his response to the motion for summary judgment, Mr. Woods claims that the "disposition" [sic] held in this matter was inadequate; the Defendants failed to follow various ADC policies; and he has had consistent problems with his digestive system, which ADC officials ignored.

Other than his own testimony, Mr. Woods has not provided any evidence to support his retaliation claims.  In contrast, the Defendants have presented undisputed evidence that Mr. Woods was disciplined for actual rule violations.  Mr. Woods,

therefore, has failed to create a material dispute of fact on this issue and this claim should

be dismissed.[2]

IV.     **Conclusion:**

        The Court recommends that the motion for summary judgment (#82) be

GRANTED and that Mr. Woods's retaliation claim against Defendants Stanley, Barnett,

Straughn, and Lay be DISMISSED, with prejudice.  The evidentiary hearing scheduled in

this matter for June 22, 2011 is hereby CANCELLED.

        DATED this 23rd day of May, 2011.


                                        _____
                                        UNITED STATES MAGISTRATE JUDGE

_____

        [2]  Because Mr. Woods has failed to create a genuine issue of material fact regarding
his retaliation claim, the Court will not address the Defendants' remaining arguments in this
recommendation.